UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAMES CHAFFEE,<br><br>         Plaintiff,<br><br>    vs.<br><br>SAN FRANCISCO LIBRARY COMMISSION, et al.,<br><br>         Defendants. | Case No:  C 10-4521 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL; SECOND ORDER TO SHOW CAUSE**<br><br>Dkt. 20 |

On October 6, 2010, Plaintiff filed a *pro se* complaint against Defendants the San Francisco Library Commission ("Library Commission") and the City and County of San Francisco challenging the Library Commission's decision to prohibit members of the public from using computerized graphic displays, such as PowerPoint, during the public comment portion of Library Commission meetings.  Dkt. 1.  Plaintiff asserts that the First Amendment and Equal Protection Clause of the United States Constitution entitle him to use such displays, and thus the Library Commission's restrictions violate his constitutional rights.  Id.

An initial Case Management Conference was scheduled in this matter for February 3, 2011 at 2:30 p.m.  On or about February 2, 2011, Plaintiff left a voicemail message for the Court's Clerk stating that he was unilaterally cancelling the CMC.  The Clerk returned Plaintiff's telephone call early the following morning (using the telephone number listed in the docket) and informed him that he could not cancel a hearing scheduled by the Court.  The Clerk further informed Plaintiff that if he failed to initiate the call as previously ordered, the Court would issue an Order to Show Cause why the instant action should not be dismissed.  Although Plaintiff responded that he would initiate the call, he failed to do so.  Therefore, on

February 4, 2011, the Court issued an Order to Show Cause re Dismissal, directing the parties to file by February 10, 2011 a Certificate of Counsel to explain why this case should not be dismissed under Federal Rule of Civil Procedure 41(b).  Dkt. 19.  The Court also ordered that "Plaintiff may not file any motions or other requests with the Court until he files his response to this Order."  Id. at 2.

Despite that Order, Plaintiff filed on February 7, 2011 the instant "Motion for Disqualification."  Dkt. 20.  The Court liberally construes this motion as a motion for recusal.  Thereafter, on February 11, 2011, Plaintiff filed a Certificate of Counsel, stating: "[t]here is currently a motion to recuse pending before the court … dismissal is not appropriate at this time while the motion to recuse is pending."  Dkt. 22.[1]

Plaintiff bases his motion for recusal exclusively on the Court's denial of his request for permission to participate in the Court's e-filing program.  Specifically, Plaintiff asserts: "[t]his action is so unconscionably, mind-bogglingly unreasonable that it is unthinkable without postulating the most egregious bias against pro se litigants."  Id. at 3.

Title 28, United States Code, section 455(a), states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  In analyzing a § 455(a) disqualification motion, the test is an objective one:  "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  Clemens v. U.S. Dist. Court for Cent. Dist. of Cal., 428 F.3d 1175, 1178 (9th Cir. 2005) (per curiam) (internal quotation marks omitted).  Recusal also is authorized under 28 U.S.C. § 144, which provides that if "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further . . . ."  Under both recusal statutes, the salient question is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.  Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008).

---

[1] Defendants filed a timely Certificate of Counsel in response to the Order to Show Cause, arguing that this case should be dismissed under Rule 41(b).  Dkt. 21.

Here, Plaintiff has failed to provide any legitimate grounds upon which a reasonable person with knowledge of the action would question the Court's impartiality. With regard to the Court's denial of Plaintiff's request for permission to e-file documents, the Court has inherent discretion in managing its docket. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Liteky v. U.S., 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for recusal is DENIED.

2. Plaintiff shall show cause why the instant action should not be dismissed under Rule 41(b) for Plaintiff's repeated failures to comply with Orders of the Court. Within seven (7) days of the date this Order is filed, Plaintiff shall file a Certificate of Counsel to explain why the case should not be dismissed. The Certificate shall set forth the nature of the cause, its present status, the reason it has not been brought to trial or otherwise terminated, any basis for opposing dismissal and its expected course if not dismissed. FAILURE TO FULLY COMPLY WITH THIS ORDER WILL BE DEEMED SUFFICIENT GROUNDS TO DISMISS THE ACTION, WITHOUT FURTHER NOTICE. Plaintiff may not file any motions or other requests with the Court until he files his response to this Order.

3. This Order terminates Docket 20.

IT IS SO ORDERED.

Dated: 3/1/11

                                         _____
                                         SAUNDRA BROWN ARMSTRONG
                                         United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CHAFFEE et al,

      Plaintiff,

  v.

SAN FRANCISCO LIBRARY COMMISSION et al,

      Defendant.

Case Number: CV10-04521 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 1, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Chaffee
63 Stoneybrook Avenue
San Francisco, CA 94112

Dated: March 1, 2011

                        Richard W. Wieking, Clerk

                        By: LISA R CLARK, Deputy Clerk